IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

BRIANA BOYD,

        Plaintiff,

v.

MYXED UP CREATIONS, INC., and

MYXED UP CREATIONS I, LLC

        Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, Briana Boyd, by and through undersigned counsel, HKM Employment Attorneys, LLP, for her Complaint against Myxed Up Creations, Inc. and Myxed Up Creations I, LLC (together, "Defendants" or the "Company") states and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an employment discrimination case arising from Defendants' discrimination against and wrongful termination of Plaintiff because of Plaintiff's pregnancy and request for and/or use of accommodations related to same.

### PARTIES AND JURISDICTION

2. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

3. Plaintiff Briana Boyd was, at all times relevant to the Complaint, a resident of Colorado. Ms. Boyd is currently a resident of Georgia.

4. Defendant Myxed Up Creations, Inc., is a Colorado corporation with its principal office located at 5800 E. Colfax Avenue in Denver, Colorado 80220.

5. Defendant Myxed Up Creations I, LLC is a Colorado limited liability company with its principal office located at 5800 Colfax Avenue in Denver, Colorado 80220.

6. Plaintiff Boyd's employer, at all times relevant to the Complaint, was Myxed Up Creations I, LLC.

7. Upon information and belief, Myxed Up Creations, Inc. is a parent company of Myxed Up Creations I, LLC.

8. Upon information and belief, Defendants are deemed a single employer of Plaintiff by virtue of their centralized control of employment practices, common management, common rules regarding management, interrelations of operations, and common ownership or financial control. Defendants are therefore jointly and severally liable on all claims asserted in this action.

9. Upon information and belief, Defendants use the same employee handbook, titled "Myxed Up Creations Employee Guidelines Handbook."

10. Upon information and belief, Defendants use a centralized Human Resources department.

11. Upon information and belief, Alexander Xenakis is and, at all times relevant to the Complaint, was Defendants' Corporate Operations Manager.

12. Upon information and belief, Philip Guerin is one of Defendants' Members and/or Owners.

13. Upon information and belief, Erika Krekeler is Defendants' Standards Officer.

14. This Court has jurisdiction over Plaintiff's federal claims pursuant to 42 U.S.C. §§ 2000e-5(f)(3) and 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to the federal claims that they form part of the same case or controversy.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b) as Defendants reside in this District and the events giving rise to this suit occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

16. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

17. Ms. Boyd filed Charges of Discrimination, Numbers FE2019544392, 32A-2019-00020 (Myxed Up Creations, Inc.); and FE2019001805, FE2019001805 (Myxed Up Creations I, LLC) with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Colorado Civil Rights Division ("CCRD"), respectively, against Defendants for retaliation, sex, disability, and pregnancy discrimination on or around October 1, 2018. Ms. Boyd was issued a Notice of Right to Sue with respect to the above Charge Numbers and has filed the instant action within ninety (90) days of receipt of same.

18. Plaintiff has met all administrative prerequisites prior to filing this action.

## GENERAL ALLEGATIONS

19. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

20. Ms. Boyd began working for the Company in or around May 2017.

21. In or around July 2017, Ms. Boyd was promoted to Store Manager.

22. In early 2018, Ms. Boyd informed the Company that she was pregnant.

23. When Ms. Boyd first informed her supervisor Alexander Xenakis, of her pregnancy, he said that Ms. Boyd would be provided maternity leave.

24. In or around March or April 2018, Ms. Boyd informed Kayte Nelson (Human Resources for the Company) that she was pregnant and that, per Mr. Xenakis, Ms. Boyd would be provided maternity leave. Ms. Nelson told Ms. Boyd that she would not be permitted to take any time off of work related to her pregnancy, other than when she was in the hospital. Ms. Nelson insisted that staffing could not handle it, and that she would not move people around to accommodate Ms. Boyd.

25. In or around April 2018, Ms. Boyd spoke with Mr. Xenakis and Ms. Nelson about medical leave. After making a phone call to Mr. Guerin for approval, Mr. Xenakis agreed to provide Ms. Boyd with twelve weeks of unpaid medical leave related to her pregnancy.

26. After this conversation, the Company began discriminating against Ms. Boyd as a result of her pregnancy and/or retaliating against Ms. Boyd for requesting accommodations related to her pregnancy.

27. For example, in or around May 2018, Mr. Xenakis told Ms. Boyd that he did not know what she expected to be doing at work after her pregnancy but informed her that she would be making less money and would be working at a new location.

28. Ms. Boyd's final date of work prior to giving birth was on July 19, 2018.

29. Ms. Boyd's son was born on July 24, 2018.

30. As soon as Ms. Boyd took approved leave for her pregnancy, she was terminated.

31. On or around August 17, 2018, Ms. Boyd learned that her health insurance was cancelled.

32. On or around August 24, 2018, Brian Herzfeldt (male) was transferred from one of Defendants' stores to replace Ms. Boyd as Store Manager of Myxed Up Creations I, LLC.

33. On or around August 28, 2019, Ms. Boyd received a termination letter stating: "Briana Boyd was terminated from Myxed Up Creations on July 19, 2018, and is eligible for rehire on October 11, 2018 after a mutually agreed upon personal leave totaling twelve weeks."

## FIRST CLAIM FOR RELIEF
**(Gender and Pregnancy Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII") as to both Defendants)**

34. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

35. Title VII prohibits adverse employment actions that are motivated by an employee's gender and prohibits an employer from discriminating against an employee based on pregnancy, childbirth, or related medical conditions.

36. Plaintiff was a pregnant female who suffered from pregnancy-related medical conditions, and Plaintiff was therefore entitled to the protections of Title VII.

37. Defendants terminated Plaintiff's employment.

38. Defendants' termination of Plaintiff's employment was motivated by Plaintiff's gender, pregnancy, and pregnancy-related medical conditions; and was therefore discriminatory and in violation of Title VII.

39. Defendants' actions denied Plaintiff equal employment opportunities by subjecting her to different terms and conditions of employment than her male and non-pregnant similarly situated coworkers.

40. Defendants' unlawful and discriminatory practices complained of herein were intentional and done with malice or with reckless indifference to Plaintiff's federally-protected rights.

41. As a direct and proximate result of Defendants' unlawful and discriminatory practices described herein, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

**SECOND CLAIM FOR RELIEF**
**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII") as to both Defendants)**

42. Plaintiff incorporates by reference all the above paragraphs as though set forth fully and separately herein.

43. Ms. Boyd engaged in protected conduct when she: notified Defendants of her need for accommodation of a pregnancy-related medical condition; used reasonable accommodations for her pregnancy-related medical condition; and requested medical leave for her pregnancy-related medical condition. Ms. Boyd further engaged in protected conduct when she repeatedly notified Defendants of her need for maternity leave.

44. Defendants retaliated against Plaintiff and subjected Plaintiff to less favorable terms and conditions of employment because of Plaintiff's above-described protected conduct by

terminating Plaintiff's employment and subjecting Plaintiff to consequences of the type that would tend to discourage similarly situated employees from engaging in protected activity.

45. Defendants engaged in the above-described retaliatory practices with malice or with reckless indifference to Plaintiff's federally-protected rights.

46. As a direct and proximate result of Defendants' above-described retaliatory actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and Plaintiff is entitled to such general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

**THIRD CLAIM FOR RELIEF**
**(Discrimination, Failure to Accommodate in Violation of the Pregnant Workers Fairness Act, § C.R.S. 24-34-402.3 ("PWFA") as to both Defendants)**

47. Plaintiff incorporates by reference all the above paragraphs as though set forth fully and separately herein.

48. Pursuant to C.R.S. § 24-34-402.3(1)(a)(I), employers shall "provide reasonable accommodations to perform the essential functions of the job to … an employee for health conditions related to pregnancy or the physical recovery from childbirth, if the … employee requests the reasonable accommodations, unless the accommodation would impose an undue hardship on the employer's business[.]"

49. At the time of Ms. Boyd's termination on or about July 19, 2018, Ms. Boyd's pregnancy-related medical condition and accommodations related to same had not caused Defendants an undue burden. Yet, Defendants denied Ms. Boyd equal employment opportunities by terminating her employment based on the need to make a reasonable accommodation related to

Ms. Boyd's pregnancy, physical recovery from childbirth, or a related condition; in violation of C.R.S. § 24-34-402.3(1)(a)(I), (III).

50. At the time of Ms. Boyd's termination on or about July 19, 2018, Defendants had not engaged in a timely, good-faith, and interactive process to determine the burden, if any, that Ms. Boyd's requested pregnancy-related accommodations, including leave, would cause Defendants.

51. Defendants' failure to accommodate and termination of Plaintiff constitutes discriminatory or unfair employment practices pursuant to C.R.S. § 24-34-402.3(5).

52. Defendants engaged in the above-described discriminatory or unfair employment practices with malice or with reckless indifference to Plaintiff's rights under C.R.S. § 24-34-402.3 and Defendants failed to demonstrate good-faith efforts to identify and make a reasonable accommodation for Plaintiff's pregnancy and pregnancy-related medical conditions. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants or to deter Defendants and other companies from like conduct in the future.

53. As a direct and proximate result of Defendants' above-described discriminatory or unfair employment practices, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and Plaintiff is entitled to such general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

**FOURTH CLAIM FOR RELIEF**
**(Retaliation in Violation of the Pregnant Workers Fairness Act, § C.R.S. 24-34-402.3 ("PWFA") as to both Defendants)**

54. Plaintiff incorporates by reference all the above paragraphs as though set forth fully and separately herein.

55. Pursuant to C.R.S. § 24-34-402.3(1)(a)(II), employers shall "[n]ot take adverse action against an employee who requests or uses a reasonable accommodation related to pregnancy, physical recovery from childbirth, or a related condition[.]"

56. Defendants' termination of Plaintiff's employment is an action that a reasonable employee would have found to be materially adverse.

57. Defendants terminated Plaintiff and subjected Plaintiff to materially adverse job consequences because Plaintiff requested and/or used reasonable accommodations related to pregnancy, or a related condition.

58. Defendants' retaliatory termination of Plaintiff constitutes a discriminatory or unfair employment practice pursuant to C.R.S. § 24-34-402.3(5).

59. Defendants engaged in the above-described discriminatory or unfair employment practices with malice or with reckless indifference to Plaintiff's rights under C.R.S. § 24-34-402.3 and Defendants failed to demonstrate good-faith efforts to identify and make a reasonable accommodation for Plaintiff's pregnancy-related medical condition. Plaintiff is therefore entitled to an award of punitive damages in an amount sufficient to punish Defendants or to deter Defendants and other companies from like conduct in the future.

60. As a direct and proximate result of Defendants' above-described discriminatory or unfair employment practices, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and Plaintiff is entitled to such

general and special damages, economic damages, punitive damages, and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor against Defendants and order the following relief as allowed by law:

A. Actual economic damages, as established at trial;

B. Compensatory damages, including but not limited to those for past and future pecuniary and non-pecuniary losses, and garden-variety emotional distress, pain, inconvenience, mental anguish, and humiliation;

C. Punitive damages, as permitted by law;

D. Attorneys' fees and the costs of this action, as permitted by law;

E. Statutory pre-judgment and post-judgment interest at the highest lawful rate; and

F. Such further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 15th day of October 2019.

HKM EMPLOYMENT ATTORNEYS LLP

By: *s/ Jesse Fishman*
Claire E. Hunter
Shelby Woods
Jesse Fishman
HKM Employment Attorneys LLP
730 17th Street, Suite 750
Denver, Colorado 80202
chunter@hkm.com

swoods@hkm.com
jfishman@hkm.com
*Attorneys for Plaintiff, Briana Boyd*